**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

NATHAN CURTIS BAUGHMAN,

    Plaintiff,

v.                                                                               Civil Action No.:3:15–CV–116
                                                                                            (JUDGE GROH)

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

## **REPORT AND RECOMMENDATION**

### **I. INTRODUCTION**

On October 14, 2015, the Plaintiff, Nathan Curtis Baughman ("Mr. Baughman" or "Plaintiff"), by counsel, Montie VanNostrand, Esq., filed a complaint in this Court to obtain judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner" or "Defendant") denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. ECF No. 1.

The Plaintiff also filed a motion to proceed *in forma pauperis* that the undersigned granted on October 19, 2015. ECF Nos. 2 & 3. The Commissioner filed her Answer on December 28, 2015. ECF No. 6. On January 24, 2016, the Plaintiff filed a Motion for Leave to File Photographs. ECF No. 12. Two days later, the Plaintiff filed a Second Motion for Leave to File Duplicate Photographs. ECF No. 13. On January 28, 2016, the undersigned entered an Order granting both of the Plaintiff's Motions. ECF No. 14. The Plaintiff then

filed his Motion for Summary Judgment on February 1, 2016. ECF No. 15. The Commissioner filed her Motion for Summary Judgment on March 1, 2016. ECF No. 16. The Plaintiff filed his Memorandum in Opposition to the Defendant's Motion on March 14, 2016. For the following reasons, I recommend that the Plaintiff's Motion for Summary Judgement be **DENIED** and the Commissioner's Motion for Summary Judgement be **GRANTED**.

## II. FACTS

The Plaintiff applied for DIB and SSI benefits alleging a disability beginning January 2, 2010. R. 31. The Plaintiff's claims were initially denied on July 24, 2012, and upon reconsideration on October 2, 2012. *Id.* On November 7, 2012, the Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* An ALJ hearing was held on February 18, 2014, by video, before ALJ Jeffrey P. La Vicka. *Id.*; R. 27. The Plaintiff, represented by Montie VanNostrand, Esq., testified at the hearing, as did a Vocational Expert ("VE"). R. 46. On March 27, 2014, the ALJ issued an unfavorable decision. R. 31–40. The Plaintiff appealed this decision to the Appeals Council, which denied his request for review on August 17, 2015. R. 1–6. Plaintiff then timely brought his claim before this Court.

## III. ALJ FINDINGS

In determining whether Mr. Baughman was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. The first step in the process is determining whether a claimant is currently engaged in substantial gainful activity. §§ 404.1520(b); 416.920(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are

2

severe. §§ 404.1520(c); 416.920(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). §§ 404.1520(d); 416.920(d). If an impairment meets or equals a listed impairment, the claimant is disabled. *Id.* However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of her impairments. §§ 404.1520(e); 416.920(e). After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of his past relevant work. §§ 404.1520(f); 416.920(f). If the claimant does not have the RFC to do his past relevant work, then he has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experiences. §§ 404.1520(g); 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868–69 (4th Cir. 1983).

Here, as a preliminary matter, the ALJ determined that Mr. Baughman met the insured status requirements set forth in the Social Security Act through December 31, 2014. R. 33. At step one of the sequential process, the ALJ found that Mr. Baughman had not engaged in substantial gainful activity since January 2, 2010. *Id.* At step two, the ALJ found that Mr. Baughman had the following severe impairments: "oscteoarthritis/arthropathies; cervicalgia/C7-T1 disc herniation with radiculopathy on right and post-surgical changes of

the cervical spine; degenerative disc disease of the thoracic and upper lumbar spine; lumbar disc protrusions with an annular tear at L5-S1; mild bilateral joint sclerosis; and gouty arthritis." R. 34. At the third step, the ALJ found that none of Mr. Baughman's impairments met or medically equaled the severity of any of the impairments contained in the Listings. *Id.* The ALJ then determined that Mr. Baughman had the following RFC:

> [A] capacity to perform a range of work activity that: requires a sedentary level of physical exertion; affords a sit/stand option with an opportunity to alternate between sitting and standing for up to 2 minutes every 30 minutes throughout an 8 hour work day without going off task; requires no bilateral foot control operation; requires no kneeling, crouching, crawling, or climbing of ladders, ropes or scaffolds, and no more than frequent bilateral reaching and no more than occasional bilateral overhead reaching; requires no more than occasional pushing and pulling bilaterally; requires no fine manipulation bilaterally; accommodates the use of a hand held device for uneven terrain or prolonged ambulation; avoids concentrated exposure to extreme heat or cold, wetness, humidity, and excessive vibration; and avoids all exposure to hazardous machinery, commercial driving, and unprotected heights[.]

R. 35. At step four, the ALJ found that Mr. Baughman was unable to perform any past relevant work. R. 39. The ALJ determined that Mr. Baughman was a "younger individual" on the alleged disability onset date. *Id.*; *see* 20 C.F.R. § 404.1563.

The ALJ concluded that, "[c]onsidering [Mr. Baughman's] age, education, work experience, and [RFC], the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of 'not disabled' is therefore appropriate under the framework of the above-cited rule." R. 40; *see also* 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a).

## IV. MOTIONS FOR SUMMARY JUDGMENT

### A. Contentions of the Parties

In Mr. Baughman's Motion for Summary Judgment, he makes three arguments: The

ALJ (1) improperly ignored photographs of his extremities and joints; (2) incorrectly evaluated Listing 14.09; and (3) made a faulty credibility determination. *See* ECF No. 15-1.

In her Motion for Summary Judgement, the Commissioner argues that substantial evidence supports the ALJ's decision. ECF No. 17. Specifically, the Commissioner asserts that the ALJ fully considered Mr. Baughman's physical impairments and photographic evidence; reasonably concluded that his combined impairments did not meet or equal the criteria of Listing 14.09; and made a proper credibility determination supported by substantial evidence. *Id.* at 9-13.

**B. The Standards**

1. Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

2. Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the

decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664–65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)). The ALJ's decision must be upheld if it is supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3).

3. Claimant's Credibility

"Because he had the opportunity to observe the demeanor and to determine the credibility of the Claimant, the ALJ's observations concerning these questions are to be given great weight." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citing *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976)). "We will reverse an ALJ's credibility determination only if the Claimant can show it was 'patently wrong.'" *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000) (quoting *Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990)).

**C. Discussion**

The Fourth Circuit has been clear that an ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision

regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id.* (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

1.  <u>The Plaintiff fails to establish that the ALJ ignored photographic evidence</u>

The Plaintiff argues that the photographs he submitted "should not have been ignored." ECF No. 15-1 at 7. However, the Plaintiff has offered no evidence to support this contention. The ALJ admitted the photographs, marked as exhibit B18E, and he specifically noted in his decision that he carefully considered the entire record before making his findings and conclusions. R. 33, 49–50.

The Plaintiff supports his contention by noting that the ALJ did not specifically reference the photographs in his decision; however, "the ALJ is not required to comment in the decision on every piece of evidence in the record, and the ALJ's failure to discuss a specific piece of evidence is not an indication that the evidence was not considered." *Smith v. Colvin*, No. 12-1247, 2015 WL 3505201, at *7 (M.D.N.C. June 3, 2015) (citations omitted). The *Smith* court further said, "this court finds that the lack of any mention of Plaintiff's proffered explanation in the ALJ's decision does not prove that the ALJ did not consider these explanations." *Id.*

Similarly, the undersigned cannot agree with the Plaintiff that because the ALJ did not specifically mention the photographs he did not consider them. Moreover, the

ALJ's decision extensively cites the medical evidence of record. Thus, the undersigned finds that the ALJ's decision is supported by substantial evidence, namely medical evidence, and any alleged failure to explicitly comment on the photographs is inconsequential.

2. <u>The ALJ's conclusion that Plaintiff's combined impairments did not meet or exceed Listing 14.09 is supported by substantial evidence.</u>

The Plaintiff contends that "the record contains evidence to support a finding that this listing is met." ECF No. 15-1 at 10. Plaintiff further asserts, "[t]he ALJ rejected the listing questionnaire [T.746-757] in its entirety because the nurse practitioner who completed it was not an acceptable medical source . . . ." *Id.* at 11 (Internal quotations omitted). This is not the case.

In his decision, the ALJ noted, "the claimant's nurse practitioner argues that he meets this listing[; h]owever, it is noted that a nurse practitioner is not considered an 'acceptable medical source' to determine impairment." R. 34. But, the ALJ did not stop there: "Further, [the nurse practitioner's] opinion is not supported by the medical evidence, as it does not support that this listing is met." *Id.* Continuing to explain, the ALJ stated, "[t]he record, as discussed in more detail below, does not support that the claimant is unable to ambulate effectively or has an inability to perform fine and gross movements effectively." *Id.* The ALJ also noted that there was no evidence that two or more organs or body systems were involved, with one of them having at least a moderate level of severity "and at least two of the constitutional symptoms or signs." *Id.* Finally, the ALJ supported his decision in this regard by noting that "there is no evidence to support repeated manifestations of inflammatory arthritis, with at least two of the

8

constitutional symptoms or signs . . . and marked activities of daily living, social functioning, or concentration, persistence, and pace." *Id.* Perhaps most telling, the ALJ also noted that, "[although] the nurse practitioner reports these symptoms in her evaluation, they are not reported in her treatment notes, making her evaluation unpersuasive." *Id.*

The ALJ's decision is clear; not only did he find that Baughman's nurse practitioner is not considered an acceptable medical source, but also he rejected the questionnaire as being in conflict with the longitudinal medical record–including the same nurse practitioner's treatment notes. Citing to the medical evidence of record, the ALJ's decision not to accept the nurse practitioner's questionnaire, and in turn find Mr. Baughman does not meet Listing 14.09, is supported by substantial evidence.

Even if the ALJ had not offered an additional explanation supported by substantial evidence, Plaintiff's argument still must fail. Specifically, the Plaintiff argues that "the listing questionnaire was cosigned by Dr. Robert M. Mace, supervising physician, an acceptable medical source and represents his opinion." ECF No. 15-1 at 11. The undersigned disagrees.

Similarly to *Williams v. Colvin*, this Court finds that "the record neither reflects nor does Plaintiff argue . . . that [the nurse practitioner] worked so closely under a [doctor's] supervision that she offered her opinions while acting as the agent of an acceptable medical source." No. 1:13CV236, 2015 WL 6828114, at *4 n.6 (M.D.N.C. Nov. 6, 2015). Moreover, "there is no provision for a nurse practitioner to be deemed an acceptable medical source when supervised by a physician or as part of an interdisciplinary team." *Ashmore v. Colvin*, C/A No. 0:11–2865–TMC, 2013 WL

9

837643, at *3 n.2 (D.S.C. Mar. 6, 2013) (citing 20 C.F.R. §§ 404.1513(d), 416.913(d)). Therefore, the undersigned finds that the ALJ's decision that Mr. Baughman failed to medically meet or exceed Listing 14.09 is proper and supported by substantial evidence within the Record.

3. <u>The ALJ's credibility determination should not be disturbed</u>

Although this Court cannot make credibility determinations, it is authorized to review the ALJ's decision for substantial evidence. *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005).

The ALJ's decision provides substantial evidence to support his finding that the Plaintiff's statements were not entirely credible. The ALJ explained that numerous factors undermined the credibility of Mr. Baughman's allegations concerning the severity of his impairments. First, the ALJ considered Mr. Baughman's activities of daily living, which included, living alone, driving, shopping for groceries, carrying firewood, preparing meals, cleaning, doing laundry, and doing work requiring him to be on his knees. R. 35–36. The ALJ noted that "[t]hese activities appear inconsistent with debilitating pain or limitation, and . . . tend to undermine his credibility as to the frequency and severity of his symptoms and degree of limitation." R. 36.

Second, the ALJ considered the Plaintiff's reason for not pursuing other work while he was receiving unemployment benefits; when asked "why he did not apply for less strenuous jobs, the claimant replied that mechanical work is the only thing he knows how to do." R. 36. The ALJ found that the Plaintiff's statement appeared to "imply an unwillingness to attempt other work," detracting from his credibility. *Id.*

Finally, the ALJ noted Mr. Baughman's noncompliance with medical treatment. Specifically, the ALJ explained that, despite recommendations, Mr. Baughman continued to drink alcohol and smoke. R. 36. He also missed some medical appointments and failed to get his medicines, but the ALJ noted Mr. Baughman's explanation that financial reasons were a contributing factor. *Id.*

The ALJ found the above facts, "absent any objective medical findings that offer convincing support for [the Plaintiff's] impairment-related claims," undermine the Plaintiff's "credibility as to the severity of his symptoms." *Id.* The undersigned finds that the ALJ adequately explained his reasoning, and substantial evidence supports his credibility determination regarding the Plaintiff's allegations concerning the severity of his impairments.

## V. RECOMMENDATION

Based on the foregoing, the undersigned concludes that the ALJ's decision complied with the applicable law and regulations, and it was based on substantial evidence. Accordingly, the undersigned **RECOMMENDS THAT**:

1. Plaintiff's [ECF No. 15] Motion for Summary Judgment be **DENIED**; and
2. Commissioner's [ECF No. 16] Motion for Summary Judgment be **GRANTED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will

result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia

DATED: July 12, 2016 /s/ *James E. Seibert*
**JAMES E. SEIBERT**
**U.S. MAGISTRATE JUDGE**