# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**NATHAN CURTIS BAUGHMAN,**

    Plaintiff,

v.                                                           **CIVIL ACTION NO.: 3:15-CV-116**
                                                                           **(GROH)**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    Defendant.

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") [ECF No. 19] of United States Magistrate Judge James E. Seibert. Magistrate Judge Seibert issued his R&R on July 12, 2016, recommending that this Court grant the Commissioner's Motion for Summary Judgment [ECF No. 16] and deny the Plaintiff's Motion for Summary Judgment [ECF No. 15]. For the following reasons, Magistrate Judge Seibert's R&R is hereby **ADOPTED**.

### I. Background

The Plaintiff was previously approved for a period of disability, disability insurance benefits and supplemental security income benefits from 1996 through his return to work in 1999. On June 5, 2012, the Plaintiff filed his most recent application for a period of disability and disability insurance benefits, and two days thereafter he filed his most recent application for social security income benefits. In his applications, the Plaintiff alleges disability beginning on January 2, 2010, his last day of

employment.[1] The Plaintiff's claims were initially denied on July 24, 2012, and again on October 2, 2012. At the Plaintiff's request, a hearing was held before the Administrative Law Judge ("ALJ") on February 18, 2014. Following the hearing, the ALJ found that the Plaintiff suffers from the following severe impairments: (1) osteoarthritis, (2) cervicalgia, as a result of C7-T1 disc herniation with radiculopathy on the right and post-surgical changes of the cervical spine, (3) degenerative disc disease of the thoracic and upper lumbar spine, (4) lumbar disc protrusions with an annular tear at L5-S1, (5) mild bilateral joint sclerosis and (6) gouty arthritis.[2] The ALJ determined that, although the Plaintiff suffers from various severe impairments, none—either on their own or in combination with one another—meet or equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Upon calculating the Plaintiff's residual functional capacity ("RFC") and determining the Plaintiff unable to perform any past relevant work, the ALJ nevertheless found that jobs exist in significant numbers in the national economy that the Plaintiff is able to perform. Accordingly, the ALJ rendered an unfavorable decision, finding the Plaintiff not disabled under the Social Security Act. On August 17, 2015, the Appeals Council denied the Plaintiff's request for review.

On October 14, 2015, the Plaintiff filed his complaint with this Court seeking review of the Commissioner's final decision. On February 1, 2016, the Plaintiff filed his motion for summary judgment. The Commissioner filed her motion for summary judgment one month thereafter. On July 12, 2016, United States Magistrate Judge

---

[1] During the February 18, 2014 hearing before the ALJ, the Plaintiff testified that he was fired from his most recent job as a mechanic because he was unable to show up for work as a result of an inability to walk or wear shoes due to swelling from his gouty arthritis. ECF No. 7-2 at 61.

[2] In addition to the six listed impairments, the Plaintiff alleges disability based on headaches. Upon review of the record, the ALJ determined that the Plaintiff's headaches cause nothing more than minimal limitation of his work activities and therefore did not classify them as a severe impairment. Nevertheless, the ALJ considered the headaches in reaching the Plaintiff's residual function capacity.

James E. Seibert entered his R&R, recommending that the Plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted. The Plaintiff filed objections to the R&R on July 26, 2016, and the Commissioner filed a response one week later. This case is now ripe for consideration.

## II. Standards of Review

### A. Review of the R&R

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of those portions of the magistrate judge's findings to which the Plaintiff objects. However, failure to file timely objections constitutes a waiver of *de novo* review. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). In this case, pursuant to 28 U.S.C. § 636(b)(1)(C) and Magistrate Judge Seibert's R&R, objections were due within fourteen days after being served with a copy of the R&R. The Plaintiff timely filed objections. Accordingly, the Court will review *de novo* the portions of the R&R to which the Plaintiff objects and the remainder of the R&R for clear error.

### B. Review of the ALJ Decision

The Social Security Act limits this Court's review of a final decision of the Commissioner of the Social Security Administration to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390-402 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197, 229

3

(1938). A reviewing court must not reweigh the evidence or substitute its judgment for that of the Commissioner, so long as the Commissioner's decision is supported by substantial evidence. Hays, 907 F.2d at 1456. It is the duty of the ALJ—not the reviewing court—to make findings of fact and resolve conflicts in the evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case de novo when reviewing disability determinations.").

## C. Evaluation Process

To determine whether a claimant is disabled, the ALJ conducts a five-step evaluation process. 20 C.F.R. § 404.1520(a)(4). If the ALJ finds that the claimant is disabled or not disabled at a certain step, a determination is made and the ALJ does not proceed to the next step. Id. The steps are as follows:

> Step One: Determine whether the claimant is engaging in substantial gainful activity;
>
> Step Two: Determine whether the claimant has a severe impairment;
>
> Step Three: Determine whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conduct a Residual Functional Capacity ("RFC") assessment;
>
> Step Four: Consider the RFC assessment to determine whether the claimant can perform past relevant work; and
>
> Step Five: Consider the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work.

Davidson v. Astrue, Civil Action No. 2:11-CV-55, 2012 WL 667296, at *3 (N.D. W. Va. Feb. 28, 2012) (citing 20 C.F.R. § 404.1520(a)(4)).

Here, under the five-step process, and after consideration of the entire record, the ALJ found that the Plaintiff had not engaged in substantial gainful employment since January 2, 2010. The ALJ determined that the Plaintiff suffers from various severe

4

impairments, but none that meet or equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. After conducting an RFC assessment, the ALJ concluded that the Plaintiff is unable to perform any past relevant work. However, the ALJ found that jobs exist in significant numbers in the national economy that the Plaintiff is able to perform. As a result, the ALJ determined that the Plaintiff is not disabled under the Social Security Act.

### III. Discussion

Upon careful consideration of the record, the parties' motions and the R&R, the Court finds that the magistrate judge committed no clear error with regard to the portions of the R&R to which the Plaintiff does not object. Upon *de novo* review of the portions of the record to which objections are made, the Court finds no error and determines that the ALJ's decision applies the correct legal standards and is supported by substantial evidence. The Court will review each of the Plaintiff's objections in turn.

#### A. Photographic evidence

In his motion for summary judgment, the Plaintiff argued that the ALJ ignored photographic evidence. In his R&R, the magistrate judge found that the Plaintiff offered no evidence in support of this argument and further found that the ALJ's failure to explicitly mention the photographs was inconsequential. The Plaintiff objects to this finding, contending that the ALJ was required to specifically cite to, indicate the weight given and explain his reasons for crediting or discrediting the photographs in his decision.

The ALJ stated that he considered the entire record in rendering his decision. ECF No. 7-2 at 34. Furthermore, the list of exhibits attached to the ALJ's decision

indicates that the photographs were considered. ECF No. 7-2 at 42-46. Absent evidence to the contrary, it must be assumed that the ALJ reviewed all of the evidence presented by the Plaintiff, including the photographs. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) ("[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite to specific evidence does not indicate that it was not considered."); Brewer v. Astrue, 7:07-CV-24-FL, 2008 WL 4682185, at *3 (E.D.N.C. Oct. 21, 2008). Because "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (internal quotation omitted and citation omitted), the Court **OVERRULES** this objection.

### B.    Review of Listings 14.09B and 14.09D

Next, the Plaintiff objects to the magistrate judge's and ALJ's finding that none of the Plaintiff's impairments meet or equal those present in Listings 14.09B and 14.09D. Specifically, the Plaintiff argues that the ALJ failed to perform the required analysis under Cook v. Heckler, 783 F.2d 1168 (4th Cir. 1986), and should have given weight to the listing questionnaire of the nurse practitioner and Dr. Mace. An ALJ's duty to identify the listed impairments relevant to a claimant's allegations and then compare them to the claimant's purported symptoms "is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." Ketcher v. Apfel, 68 F. Supp. 2d 629, 645 (D. Md. 1999) (referring to Cook, 783 F.2d 1168). Accordingly, when the record does not contain ample evidence demonstrating that a certain listing has been met, the ALJ is under no obligation to provide an analysis of that listed impairment in his decision. See

Richardson v. Comm'r of Soc. Sec. Admin., Civil No. SAG-13-468, 2014 WL 996860, at *2 (D. Md. Mar. 12, 2014).

To establish an impairment pursuant to Listing 14.09B, a claimant must provide objective evidence of

> B.  Inflammation or deformity in one or more major peripheral joints with:
>
> 1.  Involvement of two or more organs/body systems with one of the organs/body systems involved to at least a moderate level of severity; and
>
> 2.  At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).

To establish an impairment pursuant to Listing 14.09D, a claimant must provide objective evidence of

> D.  Repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
>
> 1.  Limitation of activities of daily living.
>
> 2.  Limitation in maintaining social functioning.
>
> 3.  Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

Upon *de novo* review of the evidence in this case, the Court finds that ample evidence does not exist demonstrating that either Listing 14.09B or 14.09D is met or equaled. Specifically, in regard to Listing 14.09B, there is not ample evidence that at least one of the organs or body systems are involved to a moderate degree of severity. There is also not ample evidence that the Plaintiff suffers from at least two of the constitutional symptoms or signs. In regard to Listing 14.09D, there again is not ample evidence that the Plaintiff suffers from at least two of the constitutional symptoms or signs. There is also not ample evidence that the Plaintiff experiences, at the marked

level, either a limitation of activities of daily living, a limitation in maintaining social functioning or a limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence or pace.

Additionally, it should be noted that because a nurse practitioner is not considered an "acceptable medical source" under 20 C.F.R. § 404.1513, the ALJ was under no obligation to give deference to the listing questionnaire or other conclusions of nurse practitioner Cathy McCoy. See 20 C.F.R. 404.1513(d); Lee v. Sullivan, 945 F.2d 687, 691 (4th Cir. 1991) (per curiam) (stating that an opinion offered by an individual who is not considered an acceptable medical source can "qualify only as a layman's opinion"); Henderson v. Colvin, No. 1:13CV97, 2014 WL 4854742, at *3 (W.D.N.C. Sept. 30, 2014) ("[T]he Fourth Circuit has declared that the opinion of an 'other source' . . . is entitled to 'significantly less weight' than the opinion of an 'acceptable medical source' such as a physician or a psychologist." (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996))). The ALJ considered the nurse practitioner's opinion, but determined it unpersuasive because while some of the symptoms under Listing 14.09B and 14.09D were present in her listing questionnaire, they were not reported in her treatment notes. ECF No. 7-2 at 35. Finally, although the ALJ's decision references ambulation and the ability to perform fine and gross movements—characteristics not denoted under either Listing 14.09B or 14.09D—the Court finds that this error is harmless and does not undermine the ALJ's ultimate decision.

Accordingly, because the record is devoid of ample evidence demonstrating that Listings 14.09B and 14.09D are met or equaled, the ALJ was not required to conduct an explicit comparison of the listed impairments to the Plaintiff's alleged symptoms.

Therefore, the ALJ's finding on this issue will not be disturbed and the Plaintiff's objection regarding this matter is **OVERRULED**.

C. **Credibility determination and analysis under <u>Hines</u>**

Lastly, the Plaintiff objects to the magistrate judge's finding that the ALJ's credibility determination is supported by substantial evidence. Specifically, the Plaintiff argues that the ALJ failed to recognize that the Plaintiff can only intermittently perform tasks such as driving, grocery shopping, carrying firewood, preparing meals, cleaning and doing laundry. Additionally, the Plaintiff argues that the ALJ and the magistrate judge erroneously included the nurse practitioner's comment that the Plaintiff had been performing work that required him to be on his knees. The Plaintiff further avers that both the ALJ and magistrate judge considered his continual smoking and alcohol use, but failed to note that he had stopped consuming alcohol and did not indicate how smoking contributed to his gouty arthritis. The Plaintiff contends that the ALJ made an impermissible inference regarding the Plaintiff's credibility based upon his testimony that he had not pursued any form of employment other than mechanic work. Finally, the Plaintiff states that the magistrate judge failed to acknowledge his argument that the ALJ did not perform an appropriate analysis under <u>Hines v. Barnhart</u>, 453 F.3d 559 (4th Cir. 2006).

Credibility determinations of hearing courts are afforded considerable deference. <u>See</u> <u>F.T.C. v. Ross</u>, 743 F.3d 886, 894 (4th Cir. 2014); <u>Salyers v. Chater</u>, 107 F.3d 867, at *1 (4th Cir. 1997) (unpublished table decision) (citing <u>Barker v. Shalala</u>, 40 F.3d 789, 795 (6th Cir. 1994)). Accordingly, an ALJ's credibility determination will be reversed "only if the claimant can show it was patently wrong." <u>Powers v. Apfel</u>, 207 F.3d 431,

435 (7th Cir. 2000) (internal quotation and citation omitted). Here, the ALJ's explanation of his credibility determination spans over two full pages in length. In finding the Plaintiff's account of his symptoms not entirely credible, the ALJ explained that the Plaintiff "lives alone, drives, shops for groceries, spends time with his sister and friends, and carries 15 to 20 pieces of firewood a day that weigh up to 10 pounds from his porch and puts them in a stove to warm his house." ECF No. 7-2 at 36. These findings are consistent with the Plaintiff's hearing testimony. ECF No. 7-2 at 54-57, 68-69, 71, 74-75. The ALJ further explained that the Plaintiff's description of the frequency and severity of his symptoms and degree of physical limitation were undermined by the fact that he "prepares his own meals, cleans, and does laundry," and also by the fact that he performed work in June of 2013 that required him to be on his knees. These findings are consistent with the evidence in the record. ECF Nos. 7-6 at 24, 7-13 at 27.

Additionally, the ALJ found that the Plaintiff's alleged inability to perform work was discounted by his reluctance to apply for jobs other than mechanic work, which the Plaintiff admitted during his hearing testimony. ECF No. 7-2 at 58-61. The ALJ also concluded that the Plaintiff's continual alcohol consumption and smoking detracted from the alleged severity of his symptoms. The ALJ stated that the record was devoid of any recent treatment for cervical issues; the Plaintiff was never referred for treatment regarding reported neck and shoulder pain; the Plaintiff's prescribed medications appeared to control his symptoms, as his examinations did not indicate any acute distress or significant decrease in strength; the record showed conservative treatment for gouty arthritis and physical examinations revealed minor joint swelling and limitation; the Plaintiff's history of noncompliance with treatment and coinciding alcohol abuse

appeared to be related to his flare ups; and the Plaintiff had little treatment since November of 2012 and only one minor flare up in January of 2014. ECF No. 7-2 at 37-38. A *de novo* review of the record supports these findings and the Court considers all of the ALJ's inferences and conclusions regarding credibility appropriate.

Finally, the ALJ's decision does not conflict with Hines. In that case, the Fourth Circuit opined, "The deference accorded an ALJ's findings of fact does not mean that we credit even those findings contradicted by undisputed evidence." 453 F.3d at 566 (citing Diaz v. Chater, 55 F.3d 300, 307 (7th Cir. 1995)). Here, the ALJ did not "select and discuss only that evidence that favor[ed] his ultimate conclusion." Diaz, 55 F.3d at 307. On the contrary, the ALJ compared and contrasted the relevant evidence within the record[3] and ultimately found against the Plaintiff.

The Plaintiff disagrees with the ALJ's decision, but "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the . . . ALJ." Craig, 76 F.3d at 589 (internal quotation and citation omitted). Accordingly, because the Plaintiff has not demonstrated that the ALJ's credibility determination is patently wrong, Powers, 207 F.3d at 435, the Plaintiff's objection on the issue is **OVERRULED** and the ALJ's credibility determination stands.

## IV. Conclusion

Because substantial evidence supports the ALJ's decision and any error on his part was harmless, the Court **OVERRULES** the Plaintiff's objections [ECF No. 20] and **ORDERS** the Report and Recommendation [ECF No. 19] **ADOPTED**. The Court

---

[3] For example, the ALJ stated, "Physical examinations throughout the relevant period show multiple nodules on [the Plaintiff's] joints due to gouty arthritis, but neurological examinations have been intact and not all physical examinations show abnormalities." ECF No. 7-2 at 38.

**ORDERS** the Commissioner's Motion for Summary Judgment [ECF No. 16] **GRANTED** and the Plaintiff's Motion for Summary Judgment [ECF No. 15] **DENIED**.

The Court **ORDERS** that this matter be **DISMISSED WITH PREJUDICE** and **STRICKEN** from its active docket.

Pursuant to Federal Rule of Civil Procedure 58, the Clerk is **DIRECTED** to enter a separate judgment order in favor of the Defendant Commissioner.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** January 20, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE